UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-cv-22299-KMW

STEVEN MARTUCCI,

    Plaintiff/Counter-Defendant,

v.

LKE LLC, et al.,

    Defendants/Counter-Plaintiffs.

_____/

**COUNTER-DEFENDANT STEVEN MARTUCCI'S ANSWER AND AFFIRMATIVE DEFENSES TO COUNTER-PLAINTIFF LKE LLC AND LEK INVESTMENTS, LLC'S COUNTERCLAIM**

In accordance with Federal Rules of Civil Procedure 8 and 12, Counter-Defendant Steven Martucci answers and asserts affirmative defenses to Counter-Plaintiffs LKE LLC and LEK Investments, LLC's Counterclaim [ECF No. 71].

**JURISDICTION, VENUE, AND PARTIES**

1. Admitted.
2. Admitted.
3. Admitted.
4. Admitted.
5. Admitted.
6. Admitted.
7. Admitted.
8. Admitted.

## FACTS COMMON TO ALL COUNTERCLAIMS

9. Admitted.

10. Without knowledge.

11. Without knowledge.

12. Denied, except admitted only that Martucci holds a master's degree in accounting and finance, was a partner at KMPG, and was hired by Lester Klaus in 2019.

13. Denied.

14. Denied, except admitted only that Martucci's employment was terminated in November of 2023.

15. Without knowledge, except admitted only that Baytler was a manager of Shady Grove Partners.

16. Without knowledge, except admitted only that Krivoruchko is Baytler's husband and a partner at Landmark.

17. Admitted.

18. Without knowledge.

## THE CORRUPT RELATIONSHIP BETWEEN MARTUCCI AND IGOR

19. Denied, except admitted only that Martucci met Krivoruchko in 2018 or 2019 and without knowledge regarding Krivoruchko's deposition testimony.

20. Denied.

21. Denied.

22. The Shady Grove Partners Operating Agreement speaks for itself; to the extent a response is required, denied.

23. Without knowledge.

### THE PROJECT'S CONFLICTING OWNERSHIP

24. The Shady Grove Partners Operating Agreement speaks for itself; to the extent a response is required, denied.

25. The tax returns speak for themselves; to the extent a response is required, denied.

26. Without knowledge.

27. Without knowledge.

28. The tax returns speak for themselves; to the extent a response is required, denied.

29. The tax returns speak for themselves; to the extent a response is required, denied.

30. Denied.

### SALE OF THE PROPERTY AND THE DIVERSION TO LINDA MARTUCCI

31. The HUD-1 Statement speaks for itself; to the extent a response is required, denied, except admitted only that the Property sold on September 9, 2022.

32. The email speaks for itself; to the extent a response is required, denied.

33. Denied.

34. Without knowledge.

### DAMAGES

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

### COUNT I: BREACH OF FIDUCIARY DUTY

41. Martucci incorporates paragraphs 1 through 40 herein.

42. Denied.

43. Denied.

44. Denied.

### COUNT II: AIDING AND ABETTING BREACH OF FIDUCIARY DUTY

45. Martucci incorporates paragraphs 1 through 40 herein.

46. Without knowledge.

47. Denied.

48. Denied.

49. Denied.

### COUNT III: CONVERSION

50. Martucci incorporates paragraphs 1 through 40 herein.

51. Denied.

52. Denied.

53. Admitted.

54. Denied.

### COUNT IV: AIDING AND ABETTING CONVERSION

55. Martucci incorporates paragraphs 1 through 40 herein.

56. Denied.

57. Denied.

58. Denied.

59. Without knowledge.

60. Denied.

61. Denied.

### COUNT V: CIVIL THEFT

62. Martucci incorporates paragraphs 1 through 40 herein.

63. The statute speaks for itself; to the extent a response is required, denied.

64. This is a legal conclusion that does not require a response; to the extent a response is required, denied.

65. Denied.

66. Denied, except that the statute speaks for itself and requires no response.

67. The March 22, 2024, letter speaks for itself; to the extent a response is required, denied.

68. Denied, except admitted only that Martucci did not pay the demand amount.

### COUNT VI: TORTIOUS INTERFERENCE

69. Martucci incorporates paragraphs 1 through 40 herein.

70. Admitted.

71. Denied, except admitted only that Martucci knew of the existence of the Shady Grove Partners Operating Agreement.

72. Denied.

73. Denied.

Martucci denies all the allegations and demands in LKE and LEK's wherefore clause.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE: AUTHORITY & RATIFICATION.** Martucci acted at all times with authority, at the direction, and with the knowledge or ratification of LKE and LEK.

**SECOND AFFIRMATIVE DEFENSE: SETOFF.** Martucci was not fully compensated for the services he provided, as promised by the Klaus family.

**THIRD AFFIRMATIVE DEFENSE: INTRA-CORPORATE CONSPIRACY DOCTRINE.** To the extent that Martucci, Baytler, and Krivoruchko were all acting as agents of Shady Grove, they could not conspire or aid or abet each other.

**FOURTH AFFIRMATIVE DEFENSE: PRIVILEGE OR JUSTIFICATION.** Martucci had an interest in the business of SGP, LEK, and LKE, and so was either justified or privileged and therefore could not tortiously interfere with LEK or LKE.

**FIFTH AFFIRMATIVE DEFENSE: FAILURE TO STATE A CLAIM.** LKE and LEK's claims are barred to the extent that they fail to state a claim on which relief can be granted. Among other things, a simple debt that can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft, and unless a defendant is a stranger to a business relationship, then he cannot be held liable for tortious interference with a contract.

\* \* \*

Dated: March 18, 2025

TOTH FUNES PA

s/Brian W. Toth
Brian W. Toth
Florida Bar No. 57708
Freddy Funes
Florida Bar No. 87932
Ingraham Building
25 Southeast Second Avenue, Suite 805
Miami, Florida 33131
(305) 717-7850
btoth@tothfunes.com
ffunes@tothfunes.com

*Counsel for Plaintiff/Counter-Defendant Steven Martucci*

6